# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In Re: LEONARD FIELDS                                       CHAPTER 13
                                                                                                                                NO: 25-00844 JAW

## NOTICE OF FILING CHAPTER 13 PLAN AND
## MOTIONS FOR VALUATION AND LIEN AVOIDANCE

☐ Check if this an amended notice.

The above-named Debtor has filed a ***Chapter 13 Plan and Motions for Valuation and Lien Avoidance*** (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the Motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran US Courthouse, 501 East Court Street, Ste. 2.300, Jackson, MS 39201 on or before June 17, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on June 23, 2025, at 10:00 a.m., Thad Cochran US Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

/s/ Robert Gambrell                                        Dated: 05/12/2025
Robert Gambrell, Atty for Debtor,
MSB #4409
GAMBRELL & ASSOCIATES, PLLC
101 Ricky D. Britt Blvd., Ste. 3
Oxford, MS 38655
Ph: (662)281-8800 / Fax: (662)202-1004
rg@ms-bankruptcy.com

## CERTIFICATE OF SERVICE OF NOTICE OF FILING
## CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

I, ROBERT GAMBRELL, Attorney for the above listed Debtor, do hereby certify that the following have been served electronically via ECF with a copy of this Notice of Filing Chapter 13 Plan and Motions for Valuation and Lien Avoidance along with a copy of the Chapter 13 Plan to:

David W. Asbach, Acting U. S. Trustee
Locke D. Barkley, Chapter 13 Trustee
and to all parties that have entered an appearance requesting service via ECF

I, further certify that I have this date mailed postage prepaid, a true and correct copy of said Chapter 13 Plan to all creditors shown on the master address list attached hereto.

I, further certify that I have this date mailed by regular mail, a true and correct copy of said Notice of Filing Chapter 13 Plan and Motions for Valuation and Lien Avoidance along with a copy of the Chapter 13 Plan to BMO Harris Bank, NA, Merrick Bank, OneMain Financial Service, Inc. and Republic Finance, LLC as shown on the master address list and to the registered agents for said companies:

David R. Casper, CEO
BMO Harris Bank, N.A.
111 West Monroe Street
Chicago, IL 60603

Richard Urrutia, CEO
Merrick Bank
P.O. Box 5000
Draper, UT 84020-5000

CT Corporation System as registered agent
for OneMain Financial Service, Inc.
645 Lakeland East Dr., Ste 101
Flowood, MS 39232

Capitol Corporate Services, Inc. as registered agent
for Republic Finance, LLC
248 East Capitol Street, Suite 840
Jackson, MS 39201

This the 12th day of May, 2025.

BY: /s/ Robert Gambrell
ROBERT GAMBRELL

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Leonard Fields** |
| | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **25-00844** |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

n the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __$864.00__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**DIRECT PAY**

**2.3 Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.
☐ Debtor(s) will treat income refunds as follows:

APPENDIX D  Chapter 13 Plan  Page 1

Debtor **Leonard Fields**     Case number **25-00844**

**2.4 Additional payments.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1**    **Mortgages.** (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).

*Check all that apply.*

[ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** [✓] **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

-1- Mtg pmts to **Cascade Financial Services**
Beginning **May 2025** @ **$1,560.00** Plan ___ Direct ___ Includes escrow Yes ___ No ___
-1-- Mtg arrears to **Cascade Financial Services** Through **April 2025**    **$26,000.00**

-2- Mtg pmts to **Unity Bank of MS**
Beginning **May 2025** @ **$168.00** Plan ___ Direct **X** Includes escrow Yes ___ No ___
-2-- Mtg arrears to **Unity Bank of MS** Through **April 2025**    **0.00**

**3.1(b)** [ ] **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-** address: _____
Mtg pmts to _____
Beginning month _____ @ _____ Plan ___ Direct ___ Includes escrow Yes ___ No ___
Property **-NONE-** Mtg arrears to _____ Through _____

**3.1(c)** [ ] **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-**    Approx. amt. due: _____ Int. Rate*: _____
Property Address: _____

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**    **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

[ ] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[✓] Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| BMO Harris Bank N.A. | $14,000.00 | 2016 Kenworth T600 T680 Aerodynamic | $19,872.50 | $14,000.00 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Internal Rev. Service | $47,566.63 | equity in all exempt & nonexempt property | $21,669.50 | $21,669.50 | 7.00% See § 8.1 |

**Mississippi Chapter 13 Plan**      Page 2

Debtor  **Leonard Fields**                                  Case number  **25-00844**

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Merrick Bank | $45,487.87 | 2021 Forrest River Puma Toy Hauler Camper | $17,250.00 | $17,250.00 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| OneMain Financial | $4,856.28 | 2017 Massimo 500 MSU | $3,300.00 | $3,300.00 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| OneMain Financial | $7,520.36 | 2021 CanAm Ryker motorcycle VIN 3JB2FEF2XMJ003900 | $5,512.00 | $5,512.00 | 10.00% |

*Insert additional claims as needed.*
#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
For vehicles identified in § 3.2: The current mileage is  **2016 Kenworth: 927,525 miles**

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| Republic Finance | weedeater or grass trimmer ($25) & battery charger ($20) | $45.00 | $0.00 | NPML ucc filed | |

*Insert additional claims as needed.*

**3.5  Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Republic Finance | John Deere push mower ($0. junked) & 2000 Arctic Cat 500 4-Wheeler |

*Insert additional claims as needed.*

Mississippi Chapter 13 Plan                              Page 3

Debtor    **Leonard Fields**                               Case number    **25-00844**

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1**  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**  **Attorney's fees.**

☑ No look fee: __N/A__
   Total attorney fee charged: N/A
   Attorney fee previously paid: N/A
   Attorney fee to be paid in plan per confirmation order: N/A

☑ Hourly fee: $ **300.00 attorney time & $100 paralegal time with retainer paid in the sum of $2,060.00**    . (Subject to approval of Fee Application.) **(See § 8.1)**

**4.4**  **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service         $6,000.00  (See § 8.1)      .
☑ Mississippi Dept. of Revenue     $0.00  (See § 8.1)          .
☐ Other                            $0.00                       .

**4.5**  **Domestic support obligations.**

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ __0.0__ % of the total amount of these claims, an estimated payment of $ __0.00__
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**  **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ **None**. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1**  **Property of the estate will vest in the debtor(s) upon entry of discharge.**

Mississippi Chapter 13 Plan            Page 4

| | | | |
|---|---|---|---|
| Debtor | Leonard Fields | Case number | 25-00844 |

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*
**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1) The secured claim of the IRS shall be paid with interest at the statutory rate as required by 11 U.S.C. § 511.

2) Absent an objection, any prepetition or postpetition proof of claim filed by the Internal Revenue Service and/or MDOR (priority or secured) shall be paid in full at any applicable statutory rate of interest, if interest is required on the claim.

3) The Debtor and Debtor's attorney has elected to represent the debtors and bill on an hourly basis. The amounts to be paid include attorney's fees at $300.00 per hour and paralegal time at $100.00 per hour. All fees for postpetition time and expenses shall be paid after submission of a motion for approval of fees by Debtor's attorney, and the Court approves all or a portion of the fees and expenses and how the approved fees are to be paid.

4) Debtor proposes to pay the IRS a portion of the priority unsecured claim owed to the IRS in the amount of $6,000.00 with the remainder of the IRS priority unsecured claim plus any penalties and interest thereon not being discharged upon completion of the Plan and receipt of a discharge of the the other debts, excluding any long term debt. This provision shall only apply if the IRS agrees to these terms.

| Part 9: | Signatures: |
|---|---|

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Leonard Fields**
Leonard Fields
Signature of Debtor 1
Executed on **April 27, 2025**

**1073 Magnolia Dr**
Address
**Macon MS 39341-0000**
City, State, and Zip Code

Telephone Number

X **/s/ Robert Gambrell**
**Robert Gambrell 4409**
Signature of Attorney for Debtor(s)
**101 Ricky D Britt Sr Blvd, Ste 3**
**Oxford, MS 38655-4236**
Address, City, State, and Zip Code
**662-281-8800**
Telephone Number
**rg@ms-bankruptcy.com**
Email Address

X
Signature of Debtor 2
Executed on

Address

City, State, and Zip Code

Telephone Number

Date **April 27, 2025**

**4409 MS**
MS Bar Number

Mississippi Chapter 13 Plan                              Page 5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0538-3<br>Case 25-00844-JAW<br>Southern District of Mississippi<br>Jackson-3 Divisional Office<br>Mon May 12 08:17:29 CDT 2025 | U.S. Bankruptcy Court<br>Thad Cochran U.S. Courthouse<br>501 E. Court Street<br>Suite 2.300<br>Jackson, MS 39201-5036 | BMO Harris Bank N.A.<br>P.O. Box 71951<br>Chicago, IL 60694-1951 |
| CNFA BK-12/LEGAL<br>PO Box 81315<br>Cleveland, OH 44181-0315 | Capital One Bank USA,<br>by A I S as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Credit First NA<br>Attn: Bankruptcy<br>PO Box 818011<br>Cleveland, OH 44181-8011 |
| Department of Treasury - Internal Revenue Se<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>U.S. Attorney S.D. of Miss.<br>501 E. Court St., Ste. 4.430<br>Jackson, MS 39201-5025 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Merrick Bank<br>Attn: Bankruptcy Dept<br>PO Box 5000<br>Draper, UT 84020-5000 |
| OneMain Financial<br>Attn: Bankruptcy<br>PO Box 3251<br>Evansville, IN 47731-3251 | Republic Bank & Trust<br>Attn : Bankruptcy<br>601 West Market Street<br>Louisville, KY 40202-2700 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 |
| SYNCB/Lowes<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 | Southwest Stage Fndg<br>dba Cascade Fin. Svcs<br>PO Box 15035<br>Chandler, AZ 85244-5035 | (p)CASCADE FINANCIAL<br>BANKRUPTCY DEPT<br>2701 E INSIGHT WAY<br>STE 150<br>CHANDLER AZ 85286-1930 |
| US Atty, ND of MS<br>rep) IRS<br>900 Jefferson Avenue<br>Oxford, MS 38655-3608 | United States Trustee<br>501 East Court Street<br>Suite 6-430<br>Jackson, MS 39201-5022 | Unity Bank of MS<br>PO Box 700<br>Holly Springs, MS 38635-0700 |
| Harold J. Barkley Jr.<br>P.O. Box 4476<br>Jackson, MS 39296-4476 | Leonard Fields<br>1073 Magnolia Dr<br>Macon, MS 39341-2013 | Robert Gambrell<br>Gambrell & Associates, PLLC<br>101 Ricky D Britt Blvd, Ste 3<br>Oxford, MS 38655-9103 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Cap. Systems<br>PO Box 7999<br>Saint Cloud, MN 56302-9617 | Republic Finance<br>Attn: Bankruptcy<br>282 Tower Rd.<br>Ponchatoula, LA 70454 | (d)Republic Finance, LLC<br>282 Tower Road<br>Ponchatoula, LA 70454 |

Southwest Stage Funding, LLC dba Cascade Fin
PO Box 15035
Chandler, AZ 85244

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Southwest Stage Funding, LLC dba Cascade F

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24